UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PALLADINO and VIKING FINANCIAL GROUP, INC.,<br><br>Defendants. | Civil Action No. 13-11024-DPW |

**ORDER
AS TO DEFENDANT VIKING FINANCIAL GROUP, INC.
WITH RESPECT TO INJUNCTIVE RELIEF,
DISGORGEMENT, PREJUDGMENT INTEREST AND OTHER EQUITABLE RELIEF**

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Viking Financial Group, Inc. ("Defendant") and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

 (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a)  to employ any device, scheme, or artifice to defraud;

 (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with Steven Palladino., for disgorgement of $9,701,738,

representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $122,370, for a total of $9,824,108.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>	Enterprise Services Center
>	Accounts Receivable Branch
>	6500 South MacArthur Boulevard
>	Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Steven Palladino as a defendant in this action; and specifying that payment is made pursuant to this Order.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and will propose a plan to distribute the Fund subject to the Court's approval (the "Plan").  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  No funds will be distributed until such time as the Plan is approved by Order of the Court.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Order to the United States Treasury, if approved by further Order of the Court.

The Commission may enforce the Court's Order for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Order. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Revised Interlocutory Restraining Order entered by this Court on May 3, 2013 and the Order Against Defendants for Escrow, Repatriation and Accounting entered by this Court on May 15, 2013 shall remain in full force and effect. Anyone in possession of assets subject to the asset freeze provision of the Court's Revised Interlocutory Restraining Order shall hold them until further Order of the Court, or, upon service of this Order by the Commission, send the frozen proceeds to the Commission as directed above to be applied toward the amounts ordered to be paid herein. Further, the Court Registry is ordered to send the proceeds held pursuant to the Court's Order to Deposit Checks in the Registry of the Court to the Commission as directed above to be applied toward the amounts ordered to be paid herein. Finally, John F. Palmer, the escrow agent is ordered to transfer funds held pursuant this Court's Order against Defendants for Escrow, Repatriation, and Accounting to the Commission as directed about to be applied toward the amounts ordered to be paid herein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated: *November 15, 2013*

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

